IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY E. MILTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:11-cv-555-JPG-DGW |
| GENERAL DYNAMICS ORDNANCE AND TACTICAL SYSTEMS, INC. and IRA E. CLARK DETECTIVE AGENCY, INC., | ) |
| Defendants. | ) |

## ORDER

Now pending before the Court is Plaintiff Bobby E. Milton's Motion to Admit Paragraphs 6 – 52 of Count III of the Amended Complaint (Doc. 32). For the reasons stated in the following paragraphs, this motion is **DENIED**. Defendant General Dynamics is **ORDERED** to file an amended answer as specified below.

### BACKGROUND

Plaintiff Bobby E. Milton filed an amended complaint in this action on September 2, 2011 (Doc. 29). The complaint alleged three counts: I) for retaliation in violation of Title VII against Defendant Ira E. Clark; II) for racial discrimination and retaliation in violation of 42 U.S.C. § 1981 against Defendant Ira E. Clark; and III) for racial discrimination and retaliation in violation of Title VII against Defendant General Dynamics Ordnance and Tactical Systems, Inc. ("General Dynamics"). The third line of the heading for Count I of the complaint reads (in bold text): (DEFENDANT IRA E. CLARK). The allegations, listed in numbered paragraphs 7 - 52, pertain to the Plaintiff's employment relationship with Defendant Ira E. Clark. Some of the allegations, however, refer to and name General Dynamics. Count III of the complaint incorporates by reference paragraphs 1 – 52 of Count I as paragraphs 1 – 52 of Count III (Doc. 29, p. 14).

Defendant General Dynamics answered the allegations of paragraphs 6 – 52 of Count I by

stating as its answer for each: "General Dynamics states that it is not required to answer the allegations contained in paragraph [6 – 52] because they are directed to Defendant Ira E. Clark" (Doc. 30, pp. 6 – 16). For its answer to paragraphs 1 – 52 of Count III, General Dynamics stated: "General Dynamics realleges and incorporates its answers to Paragraphs 1 – 52 of Count I as though fully set forth herein" (Doc. 30, p. 19). At the conclusion of its answer, General Dynamics stated: "Each and every allegation of the Complaint not specifically admitted or denied is hereby denied" (Doc. 30, p. 21).

Plaintiff now asks the Court to deem admitted paragraphs 6 – 52 of Count III, because General Dynamics did not admit or deny the allegations as required under Fed. R. Civ. P. 8(b)(6). Defendant General Dynamics argues in response that Plaintiff's motion is meritless because General Dynamics was not required to answer allegations directed to its co-defendant, and even if it were so required, it did sufficiently answer those allegations with the statement "[e]ach and every allegation of the Complaint not specifically admitted or denied is hereby denied" (Doc. 37).

### DISCUSSION

The only permissible responses to a complaint under Fed.R.Civ.P. 8(b) are admission, denial, or a statement of the absence of both knowledge and information sufficient to form a belief. The rules do not approve or permit other types of responses. *See Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D.Ill.1989). Under Rule 8(b)(6), an allegation is admitted "if a responsive pleading is required and the allegation is not denied." Under Rule 8(b)(1)(B), however, a party is required to respond only to allegations asserted against it by an opposing party.

Count I of the Plaintiff's amended complaint, by its own heading, is directed against Defendant Ira E. Clark. At the same time, allegations described under that count refer to or involve Defendant General Dynamics. In the Court's view Plaintiff should have been clearer in

2

specifying allegations against Defendant General Dynamics, but Defendant General Dynamics should have admitted, denied, or stated insufficient knowledge for each allegation in paragraphs 6 – 52 that Plaintiff incorporated from Count I into Count III. *See Griffin v. Fairman*, 1989 WL 153556 at *1 (N.D. Ill. 1989) ("Though a party is of course excused from responding to a separate claim brought only against other parties to the litigation, there is simply no room for the quoted nonresponse to an allegation made in the midst of a claim that does target the responsive pleader.").

The Court is not interested in placing blame on or punishing the parties for unintentional, non-prejudicial errors. But it is in the interest of both the Court and the parties that the litigation commences with a complaint that clearly sets out the factual and legal bases for relief. The Court is mindful that its ultimate goal is to allow the case to proceed on its merits. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (finding it "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities").

## CONCLUSION

Accordingly, Plaintiff's Motion to Admit Paragraphs 6 – 52 of Count III of the Amended Complaint (Doc. 32) is **DENIED**. Defendant General Dynamics is **ORDERED** to amend its answer by **October 18, 2011**. The amended answer shall admit, deny, or state insufficient knowledge of each allegation described in paragraphs 6 – 52 of Count III of the amended complaint.

**IT IS SO ORDERED.**

**DATED: October 4, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**